BRADLEY (HUDSON v.). See Case No. 6,-833.

BRADLEY (HUSSEY v.). See Case No. 6,-946.

---

## Case No. 1,782.

BRADLEY v. KNOX et al.

[5 Cranch, C. C. 297.][1]

Circuit Court, District of Columbia. March Term, 1837.

NEGOTIABLE INSTRUMENTS — PROTEST — LIABILITY OF REMOTE INDORSER—ACTIONS ON—WITNESS—COMPETENCY OF IMMEDIATE INDORSER.

1. An action at law will not lie by an indorsee against a remote indorser of a promissory note, made and indorsed in Virginia, although made payable at the North-West Bank of Virginia by whose charter notes "made negotiable" at that bank are put upon the footing of bills of exchange; and although it should be put in circulation as a negotiable instrument, and deposited in the bank for collection, before it became payable, and should be regularly

¹ [Reported by Hon. William Cranch, Chief Judge.]

protested and regular notice given to the parties.

2. An intermediate indorser of such a note is, therefore, a competent witness to invalidate the note.

3. The rule that a party to an instrument shall not be permitted to discredit it by his testimony is applicable only to mercantile negotiable paper, which a promissory note, made and indorsed in Virginia, is not.

At law. Assumpsit by [W. A. Bradley] an indorsee against a remote indorser of a promissory note, made by Reddick McKee, agent of the Wheeling Cotton Manufacturing Company, dated at Wheeling, March 22, 1834, at 60 days, for $4,000, payable to the order of Richard Simmes at the North-West Bank of Virginia, without defalcation, for value received, and signed "R. McKee, agent Wheeling Cotton Manufacturing Company;" indorsed by Richard Simmes, Knox & McKee, M. Nelson, and W. B. Atterbury. The note was regularly demanded, and protested, and due notice given to the defendants. The defendant, McKee, was taken; but the other defendant, Knox, was not.

Upon the trial of the issue against McKee, Messrs. Brent & Brent, counsel for the defendant, moved the court to instruct the jury, "that if they shall believe, from the evidence, that the note was made and indorsed by the defendant, in the state of Virginia, and was made payable at the North-Western Bank of Virginia, in the said state, then the plaintiff is not entitled to recover in this action against the defendant as indorser of the said note."

Which instruction THE COURT (THRUSTON, Circuit Judge, not sitting in the cause) gave; it appearing that there were several intermediate indorsers between the plaintiff and the defendant. See 5 Rand. 40, 45; Id. 335; and 4 Leigh, 116. And see, also, the charter of that bank in 1817, by which notes "made negotiable" at that bank are put upon the footing of bills of exchange.

Mr. Bradley, for the plaintiff, then moved the court to instruct the jury, that if, from the evidence, they should be of opinion, that the said note was made payable at the North-Western Bank of Virginia, and put into circulation as a negotiable instrument, and that it was deposited in the said bank before it became due, and was given to take up and renew, and used to take up and renew a note for a similar amount drawn and indorsed by the same parties, and that, when it became due, demand of payment was regularly made at the said bank and refused, and that the said note was regularly protested, and notice thereof given to the indorser, then the plaintiff is entitled to recover.

Verdict for the defendant.

The plaintiff took a bill of exceptions, but has not prosecuted a writ of error.

[NOTE. For determination of an action on the same note against the maker, see Bradley v. McKee, Case No. 1,784.]